J-S74024-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| CLIVE S. THOMPSON, | |
| Appellant | No. 718 EDA 2014 |

Appeal from the PCRA Order March 10, 2014
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0005389-2011

BEFORE: BENDER, P.J.E., DONOHUE, J., and STRASSBURGER[*], J.

CONCURRING MEMORANDUM BY STRASSBURGER, J.:**FILED JANUARY 16, 2015**

I join the Majority memorandum, excepting the portions which conclude (1) that Thompson waived his issue of the ineffectiveness of trial counsel vis-à-vis the PSI report, and (2) that this waiver undermines the claim of PCRA counsel's ineffectiveness. Majority Memorandum at 6, 8.

In a 1925(b) statement, a litigant need not state, in painstaking detail, every component of each issue raised. Rather, "[e]ach error identified in the Statement will be deemed to include every subsidiary issue contained therein which was raised in the trial court[.]" Pa.R.A.P. 1925(b)(4)(v).

There is no question that, in his 1925(b) statement, Thompson complained of PCRA counsel's failure to pursue the claim about the PSI. As

---

[*] Retired Senior Judge assigned to the Superior Court.

the Majority properly notes, in order to prevail on the PSI issue, Appellant necessarily had to establish that trial counsel was ineffective in not raising the claim. Majority Memorandum at 8. Thus, rather than find waiver, I would hold that trial counsel's failure to raise the PSI issue, which was stated as a basis for relief in Thompson's PCRA petition, is a subsidiary of the issue of PCRA counsel's alleged ineffectiveness. Nonetheless, I agree that Thompson is not entitled to relief on the claim because the only error to which he points in the PSI was brought to the sentencing court's attention and corrected. **See** Majority Memorandum at 7 n.7 (citing N.T., 11/5/2012, at 3-4).

Similarly, I would hold that Thompson's claim as to the ineffectiveness of PCRA counsel in failing to pursue the PSI issue entitles him to no relief because the underlying claim is meritless, not because Thompson waived the underlying claim. **Commonwealth v. Fears**, 86 A.3d 795, 804 (Pa. 2014) ("[C]ounsel cannot be deemed ineffective for failing to raise a meritless claim.").